UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GAVIN BARKER,

<div align="center">Plaintiff,</div>

<div align="right">COMPLAINT</div>

- against -


MERIDIAN SENIOR LIVING, LLC,
THE COUNTRY HOUSE IN WESTCHESTER,
AN ADULT HOME LLC d/b/a THE COUNTRY HOUSE
IN WESTCHESTER, and CHARLES TREFZGER,
and KACY KANG, individually,

<div align="center">Defendants.</div>
------------------------------------------------------------------X

Plaintiff Gavin Barker (hereinafter referred to as "Barker" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Meridian Senior Living, LLC ("Meridian Senior Living"), The Country House In Westchester, An Adult Home LLC d/b/a The Country House In Westchester (the "Country House"), and Charles Trefzger ("Trefzger") and Kacy Kang ("Kang"), individually (collectively "Defendants"), alleges the following:

<div align="center"><u>**NATURE OF THE ACTION**</u></div>

1.  This is a civil action brought by Plaintiff to secure relief, legal and equitable, for unlawful employment practices under the Americans with Disabilities Act, 42 U.S.C. section 12101, *et seq*. ("ADA"), Title VII of the Civil Rights Act, 42 U.S.C. § 2000-e, *et seq*. ("Title VII"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2611, *et seq*. ("FMLA"), and the New York State Human Rights Law, Executive Law § 290 *et seq*. ("NYSHRL").

2.  Plaintiff worked as a dishwasher and a chef at the Country House, a company owned and operated by Defendants.

3.     Plaintiff brings this action on behalf of himself to remedy violations of the ADA, FMLA, NYSHRL, and Title VII by Defendants.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

5.     This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PROCEDURAL PREREQUISITES

7.     Plaintiff has exhausted all applicable administrative remedies.

8.     In early July 2020, Mr. Barker timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission.

9.     In February 2021, Mr. Barker received a right to sue letter.

## PARTIES

**Plaintiff Gavin Barker**

10.     Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx County, New York.

11.     Plaintiff is a black male.

12.     Plaintiff worked for Defendants from on or about April 2018 through May 4, 2020.

13.     Plaintiff was employed by Defendants as a dishwasher and cook.

**Defendant Meridian Senior Living, LLC**

14.     On information and belief, Meridian Senior Living is a privately owned company that manages a network of senior living communities in 21 states across the United States.

15.     Meridian Senior Living has its principal place of business located at 6931 Arlington Road, Suite 320, Bethesda, MD 20814.

16.     On information and belief, Defendant Trefzger is the CEO of Meridian Senior Living.

17.     On information and belief, Defendant Kang is the COO and President of Meridian Senior Living.

18.     On information and belief, Defendant Trefzger maintains control, oversight and direction over Meridian Senior Living.

**Defendant The Country House In Westchester, An Adult Home LLC**

19.     On information and belief, the Country House is a senior living community and a member of the Meridian Senior Living network of senior living communities.

20.     The Country House has its principal place of business located at 2000 Baldwin Road, Yorktown Heights, NY 10598.

21.     On information and belief, Halina McLean maintains control, oversight and direction over the Country House.

**Defendant Charles Trefzger**

22.     Trefzger is a person engaged in business in Westchester County, who is sued individually in his capacity as an owner, officer and/or agent of Meridian Senior Living.

23.     On information and belief, Trefzger is the CEO of Meridian Senior Living.

24.     On information and belief, Trefzger maintains control, oversight and direction over Meridian Senior Living.

**Defendant Kacy Kang**

25.     Kang is a person engaged in business in Westchester County, who is sued individually in her capacity as an owner, officer and/or agent of Meridian Senior Living.

26.     On information and belief, Kang is the COO and President of Meridian Senior Living.

27.     On information and belief, Kang maintains control, oversight and direction over Meridian Senior Living.

## STATEMENT OF FACTS

**Plaintiff Gavin Barker's Employment with Defendants**

28.     Plaintiff worked at the Country House located at 2000 Baldwin Road, Yorktown Heights, NY 10598.

29.     In  April 2018, Plaintiff was initially employed as a dishwasher for Defendants.

30.     Plaintiff's responsibilities as a dishwasher included washing dishes and cleaning the kitchen.

31.     On or about July 2018, Plaintiff began working as a chef for Defendants through the end of his employment.

32.     Plaintiff's immediate supervisor was the kitchen director, Maria Delgado.

33.     On December 6, 2019, Plaintiff injured his knee and went to the emergency room.

34.     At the emergency room, Plaintiff learned that he ruptured his patellar tendon.

35.     The next day, on December 7, 2019, Plaintiff notified Defendants of his injury.

36.     On or about a week later, Plaintiff consulted with an orthopedist who informed Plaintiff that, as a result of his injury, he needed surgery.

37.     Plaintiff could not work after undergoing the surgery and sought FMLA leave.

38.    On December 23, 2019, Defendants provided Plaintiff with the necessary forms to complete in order to begin his FMLA leave.

39.    Plaintiff was approved for a FMLA leave of up to 12 weeks, effective December 20, 2019 and ending on February 29, 2020.

40.    After the FMLA leave concluded, Plaintiff attempted to contact Defendants in order to return to work.

41.    Plaintiff first contacted the human resources department in the Country House.

42.    The human resources department referred Plaintiff to Jennifer DeVenny ("DeVenny"), a human resources representative for Meridian Senior Living based in North Carolina.

43.    Plaintiff attempted to contact DeVenny about coming back to work but she did not respond to Plaintiff.

44.    On March 4, 2020, DeVenny wrote a letter to Plaintiff inquiring of his status and when he was planning on returning to work (the "March 4th Letter").

45.    Plaintiff attempted to contact Defendants to respond to the March 4th Letter, but Defendants did not respond to Plaintiff. Annexed as Exhibit A are the call logs of Plaintiff's calls to Defendants.

46.    Plaintiff responded to the March 4th Letter by providing a letter from his doctor (the "Doctor Letter"), dated March 18, 2020, in which Plaintiff's doctor cleared Plaintiff to work with no restrictions. Annexed as Exhibit B is the Doctor Letter that Plaintiff sent to Defendants and the email containing the Doctor Letter.

47.    Defendants never responded to the Doctor Letter.

48.    On multiple occasions thereafter, Plaintiff made efforts to return to work, which included providing letters from his doctor saying that he could return to work but that Plaintiff

should be allowed to rest for 10 minutes if he is experiencing any pain (the "Second Doctor Letter"), as well as notes directly from his doctor to the Country House. Annexed as Exhibit C are the call logs of Plaintiff's calls to Defendants, the Second Doctor Letter, and the emails containing the Second Doctor Letter clearing him to work.

49.   Defendants, though, did not respond to Plaintiff.

50.   Plaintiff frequently asked to speak to Defendants to explain his progress and ability to return to work, but Plaintiff was ignored.

51.   On April 17, 2020, Halina McLean ("McLean"), the manager of the Country House, responded to Plaintiff saying that she would call him the following Monday to discuss his new shifts and hours. Annexed as Exhibit D is the email correspondence between Plaintiff and McLean where McLean tells Plaintiff she will call him.

52.   On April 21, 2020, Defendants wrote a letter to Plaintiff asking to ensure that his doctor was aware of his job duties and that he was cleared to work for his job.

53.   Shortly after, Plaintiff received a call from McLean asking when Plaintiff would be coming back to work.

54.   Plaintiff responded that he has been trying to come back to work since his leave ended but he has not received any response to his attempts to contact Defendants.

55.   McLean asked Plaintiff to provide a doctor's note clearing him to work.

56.   Plaintiff obtained a third doctor's note that cleared Plaintiff to work with no restrictions, which he sent to Defendants (the "Third Doctor Note").

57.   When McLean received the Third Doctor Note, she told Plaintiff to return to work. Annexed as Exhibit E is the Third Doctor Note and email correspondence between Plaintiff and Defendants where Defendants tell Plaintiff to return to work on May 4, 2020.

58.  Consistent with McLean's request that he return to work, on May 4, 2020, Plaintiff took a cab to the Country House, located on a private downhill road, to return to work.

59.  As Plaintiff's cab arrived at the Country House, McLean and a maintenance worker were waiting at the bottom of the hill in front of the Country House.

60.  As Plaintiff exited the cab, McLean and the maintenance worker came toward the cab and asked Plaintiff why he had come to the Country House.

61.  Plaintiff responded that McLean had informed him he would be starting work on that day and he came at the time McLean instructed him to come.

62.  McLean responded that Plaintiff was terminated and no longer an employee of the Country House and asked that he leave.

63.  Plaintiff's cab had already left so he called the cab to come back and take him home.

64.  While Plaintiff was on the phone with the cab driver, McLean called the police, before Plaintiff had a chance to leave the Country House. In that regard, Plaintiff is a black male.

65.  Approximately one week later, Plaintiff received a letter from Defendants stating that he had been terminated.

**FIRST CAUSE OF ACTION**
**<u>Discrimination in Violation of the ADA</u>**

66.  Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.  At all relevant times, Plaintiff was a qualified individual with a disability under 42 U.SC. § 12111(8).

68.  At all relevant times, Defendant was an "employer" and "covered entity" under 42 U.S.C. §§ 12111(2), 5(A).

69.  At all relevant times, Plaintiff was an employee of Defendants under 42 U.S.C. § 12111(4).

70.     Defendants discriminated against Plaintiff by terminating his employment because of his disability and, further, did so willfully, intentionally and with reckless indifference to Plaintiff's statutory rights under the ADA.

71.     As a direct and proximate consequence of Defendants' unlawful discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, without limitation, loss of past and future wages and health benefits, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

<div align="center">

**SECOND CAUSE OF ACTION**
**Discrimination In Employment In Violation Of Title VII (42 U.S.C. § 2000-e, et seq.)**

</div>

72.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73.     Defendants refused to permit Plaintiff to return to work at the Country House, even though he was medically cleared, and instead terminated his employment.

74.     As a direct and proximate consequence of Defendants' unlawful discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, without limitation, loss of past and future wages and health benefits, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

**THIRD CAUSE OF ACTION**
**Violation of the FMLA – Interference (29 U.S.C. § 2611, et seq.)**

75.    Plaintiff repeats and realleges each and every allegation contained in the foregoing
paragraphs as if fully set forth herein.

76.    At all relevant times, Plaintiff was an eligible employee under 29 U.S.C. § 2611(2).

77.    Defendant is a covered employer under 29 U.S.C. § 2611(4).

78.    Defendants willfully and wrongfully failed to reinstate Plaintiff to his position he held
when his FMLA leave commenced or to an equivalent position with equivalent
employment benefits, pay, and other terms and conditions of employment in violation of
the FMLA.

79.    By engaging in such interference, Defendants violated the FMLA.

80.    As a direct and proximate consequence of Defendants' unlawful discriminatory
employment policies and practices, Plaintiff has suffered a loss of income, including,
without limitation, loss of past and future wages and health benefits, has undergone severe
emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and
humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary
damages as a result of Defendants' discriminatory practices unless and until this Court
grants relief.

**FOURTH CAUSE OF ACTION**
**Violation of the FMLA – Retaliation (29 U.S.C. § 2611, et seq.)**

81.    Plaintiff repeats and realleges each and every allegation contained in the foregoing
paragraphs as if fully set forth herein.

82.    At all relevant times, Plaintiff was an eligible employee under 29 U.S.C. § 2611(2).

83.    Defendant is a covered employer under 29 U.S.C. § 2611(4).

84. Defendants' failure to reinstate Plaintiff to his position he held when his FMLA leave commenced was willfully undertaken in retaliation for Plaintiff exercising his rights under the FMLA.

85. By engaging in such interference, Defendants violated the FMLA.

86. As a direct and proximate consequence of Defendant's unlawful discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, without limitation, loss of past and future wages and health benefits, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION
### Violation of the NYSHRL

87. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

88. Defendants discriminated against Plaintiff by terminating his employment because of his disability and, further, did so willfully, intentionally and with reckless indifference to Plaintiff's statutory rights under the NYSHRL.

89. Individual Defendants Trefzger and Kang aided and abetted such discrimination by Defendant Meridian Senior Living.

90. As a direct and proximate consequence of Defendants' unlawful discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, without limitation, loss of past and future wages and health benefits, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and

humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants Meridian Senior Living, LLC, The Country House In Westchester, An Adult Home LLC d/b/a The Country House In Westchester, and Charles Trefzger and Kacy Kang, jointly and severally, as follows:

(a)   Damages for the appropriate lost earnings, vacation time, the equivalent of lost health benefits, insurance premiums and pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice;

(b)   Compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, in amounts to be determined at trial;

(c)   Damages for punitive/liquidated damages in an amount to be determined at trial;

(d)   For pre-judgment and post-judgment interest on the foregoing amounts;

(e)   For the costs and disbursements of the action, including attorney's fees; and,

(f)   For such other further and different relief as the Court deems just and proper.

Dated: March 15, 2021
       New York, New York

                                   **THE LAW OFFICES OF JACOB ARONAUER**

                              By:    */s/ Jacob Aronauer*
                                     Jacob Aronauer, Esq.
                                     225 Broadway, 3rd Floor
                                     New York, NY 10007
                                     (212) 323-6980
                                     jaronauer@aronauerlaw.com

                                     *Attorney for Plaintiff*

# EXHIBIT A









12:14   🔇 📶 46% 🔋

--

03/18/2020,09:17 AM
Incoming
(914) 221-8836                    --
1 Min
--

03/18/2020,09:13 AM
to Bronx Nyc/NY
(718) 992-7669                    --
2 Min
--

03/18/2020,09:06 AM
to Peekskill/NY
(914) 737-4746                    --
1 Min
--

03/18/2020,09:02 AM
to Yonkers/NY
(914) 233-3022                    --
3 Min
--



03/17/2020,03:26 PM
to New York/NY
(646) 956-7057                    --
17 Min
--

03/17/2020,02:57 PM
Incoming
(914) 737-9000                    --
2 Min
--

03/17/2020,01:26 PM
Incoming
(914) 373-9839                    --



12:13

my.t-mobile.com/us

MENU

← **PATRICIA**

# Call details

Feb 20 - Mar 19, 2020 ⌄

Total: 6830 minutes          Total charges: $0.00

03/19/2020,03:15 PM
to Bklyn Nyc/NY
(929) 484-8813                                    --
20 Min
T-Mobile to T-Mobile

03/19/2020,03:04 PM
to Hickory/NC
(828) 446-5920                                    --
1 Min
--



03/19/2020,02:04 PM
to New York/NY
(212) 306-4149                                    --
1 Min
--

03/19/2020,01:49 PM
Incoming
(917) 915-2089                                    --
15 Min

12:11    🔇 📶 47% 🔋

⌂    🔒 my.t-mobile.com/us    91 ⋮

03/20/2020,06:49 PM
to New York/NY
(646) 956-7057             --
18 Min
--

03/20/2020,05:21 PM
Incoming
(929) 484-8813             --
50 Min
T-Mobile to T-Mobile

03/20/2020,02:42 PM
to Bklyn Nyc/NY
(929) 484-8813             --
130 Min
T-Mobile to T-Mobile

03/20/2020,02:33 PM
to Sadlebkvly/CA
(949) 328-7756             --
1 Min
--

03/20/2020,02:28 PM
to Hickory/NC
(828) 446-5920             --
1 Min
--



03/20/2020,02:12 PM
to Queens Nyc/NY
(718) 640-2620             --
2 Min
--

03/20/2020,01:51 PM
Incoming

12:12 ▧ ▧ ▧ ▧ ✉ ▧ ✉ • 🔇 📶 ⚫ 47% 🔋

🏠 🔒 my.t-mobile.com/us   91   ⋮

03/23/2020,03:10 PM
1-877 #
(877) 840-5778                            --
19 Min
--

03/23/2020,02:10 PM
Incoming
(929) 484-8813                            --
60 Min
Call Waiting

03/23/2020,02:09 PM
to Bklyn Nyc/NY
(929) 484-8813                            --
1 Min
T-Mobile to T-Mobile

03/23/2020,02:07 PM
to Yorktn Hts/NY
(914) 962-3625                            --
3 Min
--



03/23/2020,01:33 PM
Incoming
(404) 449-6787                            --
13 Min
--

03/23/2020,01:30 PM
to Bklyn Nyc/NY
(929) 484-8813                            --
1 Min
T-Mobile to T-Mobile

03/23/2020,01:27 PM

||| ◯ ‹

# EXHIBIT B



**NewYork-Presbyterian**

NewYork Presbyterian Medical Group/Hudson Valley
1985 Crompond Road Building C
Cortlandt Manor, NY 10567-4146
Phone: 914.233.3022, Fax: 914.402.1194

Date: 03/18/2020

RE: Gavin Barker, DOB: 06/10/1977, PT ID #3376313

To whom it may concern:

I saw Gavin Barker in the office today. This patient is currently under my medical
care  for left knee injury.  At this time he is cleared to return to work full duty without
restriction. Please excuse any tardiness or absence of the patient and/or his/her
caregiver or advocate resulting from today's visit.


Sincerely,



MD


Electronically Signed by: NICOLE BELKIN MD

NYPMG_HV                                           Barker,   Gavin   L   (ID:   3376313),   DOB:
                                                   06/10/1977



1:33

2

GB   **Gavin Barker**   3/23/20
**To:** Sylvie Country House BOM - Farrell ›

## Re: Doctors Letter

Ok thanks

On Mon, Mar 23, 2020, 3:03 PM Country House, BOM - Farrell, Sylvie <coho.bom@meridiansenior.com> wrote:

Received, thank you.

I'm forwarding it to Jennifer DeVenny indicated you called her several times and left messages. I'll get back to you, thanks.

*Sylvie Farrell*
Business Office Manager
The Country House in Westchester
2000 Baldwin Road
Yorktown Heights, NY 10598
914.962.3625

---

**From:** Gavin Barker <gavinbarker41@gmail.com>
**Sent:** Monday, March 23, 2020 2:56 PM
**To:** Country House, BOM - Farrell, Sylvie <coho.bom@meridiansenior.com>
**Subject:** Doctors Letter

This is my letter stating that I can return to work. You can

1:34

From: Gavin Barker
To: coho.bom@meridiansenior.com
March 23, 2020 at 2:56 PM

## Doctors Letter

This is my letter stating that I can return to work. You can reach me at (347-990-8261)

**NewYork-Presbyterian**
NewYork Presbyterian Medical Group/Hudson Valley
1985 Crompond Road Building C
Cortlandt Manor, NY 10567-4146
Phone: 914.233.3022, Fax: 914.402.1194

Date: 03/18/2020

RE: Gavin Barker, DOB: 06/10/1977, PT ID #3376313

To whom it may concern:

I saw Gavin Barker in the office today. This patient is currently under my medical care for left knee injury. At this time he is cleared to return to work full duty without restriction. Please excuse any tardiness or absence of the patient and/or his/her caregiver or advocate resulting from today's visit.

Sincerely,

MD

Electronically Signed by: NICOLE BELKIN MD

NYPMG_HV Barker, Gavin L (ID: 3376313), DOB: 06/10/1977

# EXHIBIT C

1 Min
--

03/24/2020,01:02 PM
Incoming
(914) 734-3640                                    --
2 Min
--

03/24/2020,12:01 PM
Incoming
(914) 648-8173                                    --
5 Min
--

03/24/2020,11:55 AM
to Yorktn Hts/NY
(914) 962-3625                                    --
2 Min
--



03/24/2020,11:13 AM
to New York/NY
(646) 956-7057                                    --
1 Min
--

03/24/2020,10:40 AM
to Queens Nyc/NY
(718) 640-2620                                    --
2 Min
--

‹   1  …  7  8  9  10  11  ›

12:10

🔒 my.t-mobile.com/us

3 Min
--

03/24/2020,07:48 PM
Incoming
(917) 915-2089
104 Min
--

03/24/2020,04:28 PM
Incoming

1 Min
--

03/24/2020,02:58 PM
to New York/NY
(646) 956-7057
62 Min
--

03/24/2020,02:44 PM
Incoming
(914) 962-3625    
3 Min
Call Waiting

03/24/2020,02:01 PM
Incoming
(914) 737-2020
2 Min
Call Waiting

03/24/2020,01:53 PM
Incoming
(347) 807-3733
9 Min

11:57   🔇 🛜 📶 50% 🔋

--

03/31/2020,12:19 PM
to Palo Verde/CA
(760) 971-3625                    --
1 Min
--

03/31/2020,12:16 PM
to New York/NY
(917) 675-0222                    --
1 Min
--

03/31/2020,11:44 AM
1-800 #
(800) 621-4673                    --
21 Min
--



03/31/2020,11:38 AM
Incoming
(828) 514-3750                    --
4 Min
--

03/31/2020,11:34 AM
to Peekskill/NY
(914) 737-8000                    --
2 Min
--

‹   1   ...   4   5   **6**   7   8   ...   11   ›

**Connect with T-Mobile**

📷   f   🐦   ▶

11:57

my.t-mobile.com/us

to New York/NY
(917) 915-2089
1 Min
--

03/31/2020,01:05 PM
Incoming
(914) 286-3400
9 Min
Call Waiting

03/31/2020,01:01 PM
Incoming
(917) 915-2089
4 Min
--

03/31/2020,12:59 PM
to Hickory/NC
(828) 514-3750
1 Min
--



03/31/2020,12:23 PM
to Newrochele/NY
(914) 355-8967
2 Min
--

03/31/2020,12:19 PM
to Palo Verde/CA
(760) 971-3625
1 Min
--

03/31/2020,12:16 PM
to New York/NY
(917) 675-0222
--

12:03

my.t-mobile.com/us

Incoming
(929) 451-4140
10 Min
Call Waiting

--

04/01/2020,01:18 PM
Incoming
(914) 230-9905
21 Min
--

--

04/01/2020,01:07 PM
to Yorktn Hts/NY
(914) 962-3625
3 Min
--

--

04/01/2020,12:45 PM
to Peekskill/NY
(914) 739-1700
5 Min
--

--

04/01/2020,11:36 AM
to Hickory/NC
(828) 514-3750
1 Min
--



--

04/01/2020,11:23 AM
Incoming
(631) 820-8220
1 Min
--

--

04/01/2020,10:46 AM
to Ramsey/NJ
(201) 739-1998

12:03

my.t-mobile.com/us

1-800 #
(800) 483-8314     --
8 Min
--

04/01/2020,04:38 PM
to Bronx Nyc/NY
(347) 391-9833     --
53 Min
--

04/01/2020,04:20 PM
Incoming
(828) 514-3750     --
2 Min
--



04/01/2020,01:56 PM
to New York/NY
(646) 956-7057     --
12 Min
--

04/01/2020,01:38 PM
Incoming
(929) 451-4140     --
10 Min
Call Waiting

04/01/2020,01:18 PM
Incoming
(914) 230-9905     --
21 Min
--

04/01/2020,01:07 PM
to Yorktn Hts/NY



**NewYork-Presbyterian**

NewYork Presbyterian Medical Group/Hudson Valley
1985 Crompond Road Building C
Cortlandt Manor, NY 10567-4146
Phone: 914.233.3022, Fax: 914.402.1194

Date: 04/06/2020

RE: Gavin Barker

To whom it may concern:

Gavin Barker is currently under my medical care following a manipulation under anesthesia for his left knee on April 3rd, 2020. Gavin may return to work on April 6th 2020. Please allow him the ability to take frequent rests and to sit down during his shift.

If you require additional information, please contact our office at 914.233.3022.

Sincerely,

Electronically Signed by: NICOLE BELKIN MD



1:35

**From: Gavin Barker** ›
To: coho.bom@meridiansenior.com ›
April 8, 2020 at 1:17 PM

# Fwd: #Encrypt Work Note

---------- Forwarded message ---------
From: **HVH-Belkin Staff**
<NYPHVOrtho@nyp.org>
Date: Mon, Apr 6, 2020, 11:07 AM
Subject: #Encrypt Work Note
To: gavinbarker41@gmail.com
<gavinbarker41@gmail.com>,
Coho.bom@meridiansenior.com
<Coho.bom@meridiansenior.com>

This is an encrypted message from NewYork-Presbyterian Hospital.

Click here by 2020-04-20 11:07 EDT to read your message.
After that, open the attachment.

More Info

Disclaimer: This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2019 Proofpoint, Inc. All rights reserved.

1:35

**2**

From: **Gavin Barker** >
To: **Sylvie Country House BOM – Farr...** >
April 8, 2020 at 1:38 PM

## Work Note (1).pdf



**NewYork-Presbyterian**

NewYork Presbyterian Medical Group/Hudson Valley
1985 Crompond Road Building C
Cortlandt Manor, NY 10567-4146
Phone: 914.233.3022, Fax: 914.402.1194

Date: 04/06/2020

RE: Gavin Barker

To whom it may concern:

Gavin Barker is currently under my medical care following a manipulation under
anesthesia for his left knee on April 3rd, 2020. Gavin may return to work on April 6th
2020. Please allow him the ability to take frequent rests and to sit down during his
shift.

If you require additional information, please contact our office at 914.233.3022.

Sincerely,

*Electronically Signed by: NICOLE BELKIN MD*

# EXHIBIT D



**Return to work** Inbox

**Gavin Barker** 4/17/2020
to coho.adm

Hey helina im reaching out to you to see if you recieved the email I sent you regarding my return to work and will like an opportunity to further discuss what we talked about earlier today concerning my shift being changed and my hours being cut. Thank you

**Country House, AD...** 4/17/2020
to me

Yes, I received it. I will call you Monday. I gave all info to Brad.
We will talk soon

Get Outlook for Android

**From:** Gavin Barker <gavinbarker41@gmail.com>
**Sent:** Friday, April 17, 2020 7:06:23 PM
**To:** Country House, ADM - Mclean, Halina <coho.adm@meridiansenior.com>
**Subject:** Return to work

# EXHIBIT E



NewYork-Presbyterian

NewYork Presbyterian Medical Group/Hudson Valley
1985 Crompond Road Building C
Cortlandt Manor, NY 10567-4146
Phone: 914.233.3022, Fax: 914.402.1194

Date: 04/28/2020

RE: Gavin Barker

To whom it may concern:

Gavin Barker is currently under my medical care following a manipulation under
anesthesia for his left knee on April 3rd, 2020. Gavin may now return to work without
restrictions

If you require additional information, please contact our office at 914.233.3022.

Sincerely,

Electronically Signed by: NICOLE BELKIN MD



**Country House, AD...** 4/30/2020
to me, Country

From  Country House, ADM - Mclean, Halina •
      coho.adm@meridiansenior.com
To    Gavin Barker • gavinbarker41@gmail.com
Cc    Country House, CHF - DelCiampo, Maria •
      coho.chf@meridiansenior.com
Date  Apr 30, 2020, 2:04 PM
      Standard encryption (TLS).
      View security details

Hi Gavin,

Thank you for getting this back to me. We have to finish this pay week off so you will start Monday 1130a to 730p as we discussed.

Would you like to come in this Sunday to get additional hours?

Please let us know asap.


Thank you,


Halina McLean

**Executive Director**



1:09

Gavin Barker 4/30/2020
to Country

From  Gavin Barker · gavinbarker41@gmail.com
To    Country House, ADM - Mclean, Halina ·
      coho.adm@meridiansenior.com
Date  Apr 30, 2020, 2:31 PM
      View security details

Hey halina

I thought when I return back to  work my schedule
would remain the same. Every document that was
asked of me was completed in a timely manner. I
emailed Sylvie and Brad documents that' they asked
for and got no reply. I can call you tomorrow so we
can discuss this schedule.

Hide quoted text

On Thu, Apr 30, 2020, 2:04 PM Country House, ADM
- Mclean, Halina <coho.adm@meridiansenior.com>
wrote:

  Hi Gavin,

  Thank you for getting this back to me. We
  have to finish this pay week off so you will
  start Monday 1130a to 730p as we
  discussed.